**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUAUHTEMOC CRUZ-ENCISO; et al., | No. 08-71463 |
| Petitioners, | Agency Nos. A095-311-471 |
| | A095-311-472 |
| v. | A095-311-473 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Cuauhtemoc Cruz-Encisco, his wife Yolanda Rendon-Calderon, and their

minor child Jairo Alejandro Campos-Rendon, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' denial of their motion to

reopen the underlying denial of their application for cancellation of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In their motion to reopen, petitioners introduced new evidence of hardship that lead petitioners' United States citizen children are depressed and are experiencing educational difficulties, and that the male lead petitioner has been diagnosed with high blood pressure. We conclude that the BIA properly considered the new evidence offered by petitioners, and acted within its broad discretion in determining that the evidence did not establish extreme hardship, and was insufficient to warrant reopening of the cancellation application. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2000) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Petitioners also sought to reopen to apply for Convention Against Torture relief based on changed country conditions in Mexico. We conclude that the BIA did not abuse its discretion in denying the motion where petitioners failed to establish prima facie eligibility for protection under CAT, *see Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008), and where petitioners failed to present evidence of changed country conditions in Mexico that were particular to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

08-71463

We lack jurisdiction to review petitioners claim that they qualify for asylum and withholding of removal because they failed to exhaust their claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We grant the motion to withdraw as attorney of record filed by petitioners' attorney Joubin Nasseri, Esquire.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**